UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **TERRI PEPPER,** | § |
| Plaintiff, | § Civil Action No. 4:22-cv-02912 |
| v. | § |
| **GVG CAPITAL LLC d/b/a WeBuy-Homes-4Cash.org,** | § **Jury Trial Demanded** |
| Defendant. | § |

**Terri Pepper** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against Defendant, **GVG Capital LLC d/b/a WeBuy-Homes-4Cash.org** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and §302.101 of the Texas Business and Commerce Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

4. This Court has personal jurisdiction over Defendant because Defendant is headquartered in the State of Texas and a substantial portion of the occurrences and events underlying this litigation occurred in the State of Texas. .

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in The Woodlands, Texas 77354.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with a mailing address at 4305 Windsor Centre Trail, #300, Flower Mound, Texas 75028.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. has At all times relevant hereto, Plaintiff owned a cellular telephone with the number (806) XXX-0401.

12. Plaintiff used that cell phone for residential purposes.

13. Plaintiff registered her cell phone number on the Federal Do Not Call Registry as of December 15, 2004.

14. Plaintiff registered her number on the Do Not Call Registry in order to obtain solitude from unwanted telemarketing calls.

15. Defendant is a real estate investment company in the business of buying and selling homes, for profit.

16. Defendant generates a substantial portion of its business through telemarketing, including the issuance of text messages to homeowners.

17. While Terri Pepper is and was a homeowner at all times, she was not interested in selling her home, nor did she consent to receive messages from "WeBuyHomes4Cash," or any other similar company.

18. Nonetheless, Defendant sent a series of solicitation text messages to Plaintiff's cell phone from April of 2022 through July 2022 in connection with its efforts to purchase Plaintiff's home

19. Defendant's text messages were "solicitations" in nature as they sought to profit by purchasing homes at a discount in connection with its business and sought to advance that business by sending telephone communications to Ms. Pepper without consent.

20. To the extent there is any doubt as to whether the subject text messages were "communications", the FCC has plainly held:

> Therefore, we clarify that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not.

*In Re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Docket No. 02-278, ¶ 15.

21. Defendant's text messages were not made for "emergency purposes.".

22. Plaintiff did not consent to receive communications from Defendant and never sought assistance from any business in recent years in connection with the sale of her home.

23. Plaintiff received the unwanted solicitation text messages on instances including, but not limited to, the following:

- April 6, 2022 at 5:47 PM from 1-812-974-3475

- April 7, 2022 at 7:16 PM from 1-301-664-0424
- April 8, 2022 at 7:20 PM from 1-203-904-6893
- April 9, 2022 at 4:47 PM from 1-505-755-1479
- April 11, 2022 at 6:24 PM from 1-712-448-5902
- May 8, 2022 at 2:48 PM from 1-305-927-4588
- May 9, 2022 at 2:01 PM from 1-216-856-4773
- May 9, 2022 at 5:51 PM from 1-702-978-2664
- May 10, 2022 at 6:04 PM from 1-626-759-3849
- May 12, 2022 at 2:09 PM from 1-917-605-2487
- May 13, 2022 at 8:27 PM from 1-917-621-1611
- May 14, 2022 at 10:15 AM from 64088 (short code)
- May 14, 2022 at 10:32 AM from 1-949-288-2389
- May 14, 2022 at 11:03 PM from 1-702-849-7269
- May 15, 2022 at 4:00 PM from 1-626-944-5651
- June 6, 2022 at 5:04 PM from 1-917-893-1242
- June 25, 2022 at 4:27 PM from 1-708-979-4113
- July 31, 2022 at 4:32 PM from 1-360-472-3096

24. Plaintiff responded either "NO", "STOP" or END to certain solicitation texts per instruction. Nonetheless, Defendant's solicitation texts did not stop upon the clear instruction from Plaintiff.

25. The actions described herein were in violation of the TCPA and Texas Business and Commerce Code.

26. Furthermore, Defendant failed to register as a telephone solicitor with the Texas Secretary of State, despite the legal requirement to do so.

27. The communications from Defendant were irritating, distracting and an invasion of Plaintiff's privacy.

## COUNT I
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)(5)

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c); 47 C.F.R. 64.1200(c).

25. Defendant sent two or more solicitation texts to Plaintiff in a single year despite the fact that Plaintiff's number has been on the Do Not Call Registry since December 15, 2004.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT II**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS AND COMMERCE CODE**

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

31. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

32. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Terri Pepper,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(c)(5);

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(B);

    c.    Additional treble damages of $1,500.00 per violative telephone call, as provided under 47 U.S.C. § 227(c)(5)(C);

    d.    Injunctive relief, as provided under 47 U.S.C. § 227(c);

    e.    Statutory damages of $5,000 per violation, as provided under §302.302(a) of the Texas Business & Commerce Code;

    f.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code; and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Terri Pepper,** demands a jury trial in this case.

Respectfully submitted,

By: /s/ *Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
SDTX Attorney ID No. 3568914
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Direct Phone Line: 267-468-5374
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

DATED: August 26, 2022