IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TERRI PEPPER**<br>    *Plaintiff*, | §<br>§<br>§ |
| **v.** | §    **CASE NO. 4:22-CV-02912** |
| | §<br>§ |
| **GVG CAPITAL, LLC d/b/a**<br>**WeBuy-Homes-4Cash.org,**<br>    *Defendant*. | §<br>§<br>§ |

### DEFENDANT GVG CAPITAL, LLC'S
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**TO THE HONORABLE COURT:**

COMES NOW GVG Capital, LLC, Defendant, ("GVG Capital") and hereby files this Motion to Dismiss for Failure to State a Claim (the "Motion") and moves this Honorable Court for an order to dismiss Plaintiff Terri Pepper's ("Plaintiff") Complaint for failure to state a claim for which relief may be granted pursuant to the Federal Rules of Civil Procedure 12(b)(6). In support of this Motion, GVG Capital would show this Court, as follows:

### I.   INTRODUCTION

Plaintiff sues Defendant GVG Capital, LLC d/b/a WeBuy-Homes-4Cash.org, ("GVG Capital") asserting that text messages it sent violated the Telephone Consumer Protection Act ("TCPA") Do Not Call ("DNC") provisions (47 U.S.C. §227(c)) and §302.101 of Texas Business and Commerce Code's restrictions on illegal telephone solicitations. However, the text messages at issue do not qualify as telephone solicitations under either statute.

First, the TCPA's applicable DNC provisions restrict only the making of "telephone solicitations." *See* 47 C.F.R. 64.1200(c). That term is defined as calls made without consent or an established business relationship "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." *See* 47 C.F.R. 64.1200(f)(15). Yet Plaintiff has neither

1

disclaimed a business relationship with GVG Capital, nor alleged facts demonstrating GVG Capital was encouraging Plaintiff to purchase or rent anything. As such Plaintiff cannot demonstrate a telephone solicitation was made and her claim fails. *See Suttles v. Facebook, Inc.*, 461 F.Supp.3d 479 (W,D, Tex. 2020) (Failure to allege facts demonstrating telephone solicitation fatal to TCPA DNC claim.)

Second, Plaintiff's Texas state law claim also fails for lack of allegations of a "telephone solicitation," but for different reasons. Plaintiff contends GVG Capital failed to register with the Secretary of State before sending the text messages at issue. Yet the registration requirements of section 302.101 only apply to a party making telephone solicitations, as specially defined by Texas law. Yet that statutory definition requires the use of telephone *calls* and not text messages. TEX. BUS. & COM. CODE § 302.001(7). As GVG Capital is only alleged to have sent text messages— and not made calls— it was not a telephone solicitor required to register under 302.101.

As the alleged facts preclude recovery in this case, the suit must be dismissed in its entirety, with prejudice.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff allegedly received text messages from Defendant offering to buy her home. Complaint (Comp.) ¶ 18, ECF 1. Plaintiff characterizes these texts as "solicitations" and contends they were made without consent. Comp. ¶ 17, ECF 1. She does not, however, deny having a business relationship with GVG Capital.

4860-2651-6283v.1

## III. ARGUMENT—PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FACTS DEMONSTRATING A CLAIM UNDER FEDERAL OR STATE LAW

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true…allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). In other words, the complaint must contain "more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation'" to suffice. *Id*. (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret* Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### B. Plaintiff's TCPA Claim Fails Because She Fails to Allege A Telephone Solicitation.

Section 227(c)(5) of the TCPA authorizes suit where a Plaintiff receives two or more calls in violation of the FCC's DNC regulations within a one-year period. 47 U.S.C. §227(c). The applicable regulation bans "telephone solicitations" to numbers registered on the national DNC list. *See* 47 CFR §64.1200(c)(2).

The term "telephone solicitation" is specifically defined in the regulations. It means the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (ii) To any person with whom the caller has an established business relationship…" 47 CFR §64.1200(f)(15).

To state a claim under §227(c)(5), Plaintiff has an affirmative obligation to state facts plausibly demonstrating a telephone solicitation was made. FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 663-664. Here Plaintiff has not, and cannot, make such allegations for two reasons.

First, a telephone solicitation is not made where a business relationship exists between the caller and the called party. Yet Plaintiff has not disclaimed such a relationship. So she has not established that a telephone solicitation was made.

Second, and more fundamentally, a telephone solicitation requires that the caller encourage the called party to buy or rent something. 47 C.F.R. § 64.1200(f)(15). Yet GVG's calls only offered to *buy* something from the Plaintiff. Courts are in universal agreement that such conduct does not constitute a solicitation. *Knutson v. Blue Light Sec.*, Inc., 17CV134-LAB (JMA), 2018 WL 1172611, at *4 (S.D. Cal. Mar. 6, 2018) ( Call attempting to buy information regarding people plaintiff sold a home to so that defendant could sell security equipment to them did not constitute advertising); *Jance v. Homerun Offer LLC*, No. CV-20-00482-TUC-JGZ, 2021 WL 3270318, at

4

\*4 (D. Ariz. July 30, 2021) (Offer to purchase plaintiff's home was not a TCPA violation). The "TCPA clearly defines the terms solicitation and telemarketing, and that definition does not include offers to purchase." *Jance*, 2021 WL 3270318 at \*4.

Plaintiff attempts to mislead the Court with a misdirected reference to an FCC ruling related to real estate agents. Comp. ¶ 20, ECF 1. But that ruling is not on point. There, the FCC was there discussing real estate agents ***offering their services*** to consumers. That is quite distinct, of course, from an investor offering to buy something from the consumer. In the former case a caller *is* encouraging the purchase of a service--real estate brokerage services. In the latter no service is being offered—only a purchase opportunity is being presented.

Similarly, the situation presented here is different from other paid service providers that offer to transact for a consumer for a fee. Such cases likewise offer a hidden service for the consumer—and one which the consumer pays for. *See e.g. Anderson v. Catalina Structured Funding*, Case No. 1:21-cv-197, 2021 U.S. Dist. LEXIS 24265 (W.D. Mich. December 21, 2021). GVG Capital offers no such service. It is alleged to have made an offer to buy property, pure and simple.

As GVG is not alleged to have sent texts encouraging Plaintiff to buy or rent anything, it did not make a telephone solicitation. As such her claim under 227(c)(5) fails. Because Plaintiff's claim fails, this Honorable Court should dismiss Plaintiff's cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

**C. Plaintiff's Texas State Law Claim Fails Because Text Messages Do Not Constitute Telephone Solicitations**

A seller making telephone solicitations must register with the Secretary of State before doing so under Texas law. TEX. BUS & COM. CODE § 302.101.

However, the term telephone solicitation is specially defined and limited to telephone *calls*. *See* Tex. Bus & Com. Code § 302.001(7) ("'Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item.")

Here, GVG Capital is not alleged to have made a telephone solicitation for two reasons. First it is not alleged to have made "calls" at all, only text messages. For that simple reason it is not a telephone solicitor required to register with the Secretary of State. And Plaintiff's claim to the contrary fails. *See Powers v. One Techs., LLC,* No. 3:21-CV-2091, 2022 WL 2992881, *4 (N.D. Tex. July 28, 2022) ("Under a plain reading of the Code, Chapter 302 does not apply to text messages.")

Second, GVG Capital's texts did not encourage Plaintiff to "purchase, rent, claim or receive an item." Rather GVG's texts encouraged Plaintiff only to *sell* an item—which is not a regulated solicitation category.

Because Plaintiff did not allege that GVG Capital made a call, as that term is defined in the Texas Business and Commerce Code, it was not required to register with the Secretary of State. Additionally, because GVG Capital's texts were not soliciting Plaintiff to purchase, rent, claim, or receive an item, they were not violate of the statue. Accordingly, this Court should dismiss Plaintiff's cause of action under section 302.101 of the Texas Business and Commerce Code, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV. CONCLUSION

For the reasons set forth in this Motion, Defendant GVG Capital LLC d/b/a WeBuy-Homes-4Cash.org respectfully requests this Court to enter an Order dismissing Plaintiff Terri Pepper's Complaint for failure to state a claim upon which relief may be granted.

4860-2651-6283v.1

Dated: October 21, 2022

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Earl L. Ingle*
    **Michael A. Harvey**
    Texas Bar No. 24058352
    **Earl L. Ingle**
    Texas Bar No. 24097234
    **Deryck Van Alstyne**
    Texas Bar No. 24126550
    700 Milam Street, Suite 800
    Houston, Texas 77002
    Phone:  (713) 222-4015
    Fax:     (713) 222-1475
    mharvey@munsch.com
    eingle@munsch.com
    dvanalstyne@munsch.com

**ATTORNEYS FOR DEFENDANT GVG CAPITAL, LLC**

## CERTIFICATE OF SERVICE

    Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic case filing system and by email, on October 21, 2022.

    */s/ Earl L. Ingle*
    Earl L. Ingle

4860-2651-6283v.1